Isaac Safier (SBN 277728)
Law Office of Rebecca Feigelson
345 Franklin Street, Law Chambers Building
San Francisco, CA 94102
Tel: 415-967-0125
Fax: 415-789-4305
Email: IsaacSafier@gmail.com

Attorneys for Claimant
Stewart Paul Slovic, Trustee,
The Slovic Family Trust,
u/t/a March 12, 2015

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPROXIMATELY 2,769,378.81 USDT FROM TRON BLOCKCHAIN ADDRESS AND 1,400,058.194019 USDT, 1,331,857.9667 DODO, AND 1,445.2634 PEOPLE FROM BINANCE ACCOUNT,<br><br>　　　　Defendant.<br>_____<br><br>STEWART PAUL SLOVIC, TRUSTEE, THE SLOVIC FAMILY TRUST, U/T/A MARCH 12, 2015,<br><br>　　　　Claimant.<br>_____ | CASE NO.  25-CV-09318 SK<br><br>**VERIFIED ANSWER TO VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM** |

**VERIFIED ANSWER**

COMES NOW the Claimant STEWART PAUL SLOVIC, TRUSTEE, THE SLOVIC FAMILY TRUST, U/T/A MARCH 12, 2015 (herein "Claimant"), by and through the undersigned counsel and

for Verified Answer to Plaintiff's Verified Complaint for Civil Forfeiture In Rem ("Complaint for Forfeiture"), states as follows. Any allegation not specifically admitted herein should be considered denied.

1. Claimant admits the allegations set forth in Paragraph 1 of the Complaint for Forfeiture.
2. Claimant admits the allegations set forth in Paragraph 2 of the Complaint for Forfeiture.
3. Claimant admits the allegations set forth in Paragraph 3 of the Complaint for Forfeiture.
4. Claimant admits the allegations set forth in Paragraph 4 of the Complaint for Forfeiture.
5. Claimant admits the allegations set forth in Paragraph 5 of the Complaint for Forfeiture.
6. Claimant admits the allegations set forth in Paragraph 6 of the Complaint for Forfeiture.
7. Claimant admits the allegations set forth in Paragraph 7 of the Complaint for Forfeiture.
8. Claimant admits the allegations set forth in Paragraph 8 of the Complaint for Forfeiture.
9. Claimant admits the allegations set forth in Paragraph 9 of the Complaint for Forfeiture.
10. Claimant admits the allegations set forth in Paragraph 10 of the Complaint for Forfeiture.
11. Claimant admits the allegations set forth in Paragraph 11 of the Complaint for Forfeiture.
12. Claimant admits the allegations set forth in Paragraph 12 of the Complaint for Forfeiture.
13. Claimant admits the allegations set forth in Paragraph 13 of the Complaint for Forfeiture.
14. Claimant admits the allegations set forth in Paragraph 14 of the Complaint for Forfeiture.
15. Claimant admits the allegations set forth in Paragraph 15 of the Complaint for Forfeiture.
16. Claimant admits the allegations set forth in Paragraph 16 of the Complaint for Forfeiture.
17. Claimant admits the allegations set forth in Paragraph 17 of the Complaint for Forfeiture.
18. Claimant admits the allegations set forth in Paragraph 18 of the Complaint for Forfeiture.
19. Claimant admits the allegations set forth in Paragraph 19 of the Complaint for Forfeiture.
20. Claimant admits the allegations set forth in Paragraph 20 of the Complaint for Forfeiture.
21. Claimant admits the allegations set forth in Paragraph 21 of the Complaint for Forfeiture.
22. Claimant admits the allegations set forth in Paragraph 22 of the Complaint for Forfeiture.

23. Claimant admits the allegations set forth in Paragraph 23 of the Complaint for Forfeiture.

24. Claimant admits the allegations set forth in Paragraph 24 of the Complaint for Forfeiture.

25. Claimant admits the allegations set forth in Paragraph 25 of the Complaint for Forfeiture.

26. Claimant admits the allegations set forth in Paragraph 26 of the Complaint for Forfeiture.

27. Answering Paragraphs 27 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

28. Answering Paragraphs 28 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

29. Answering Paragraphs 29 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

30. Answering Paragraphs 30 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

31. Answering Paragraphs 31 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

32. Answering Paragraphs 32 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

33. Answering Paragraphs 33 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

34. Answering Paragraphs 34 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

35. Answering Paragraphs 35 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

36. Answering Paragraphs 36 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

37. Answering Paragraphs 37 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

38. Answering Paragraphs 38 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

39. Answering Paragraphs 39 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

40. Answering Paragraphs 40 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

41. Answering Paragraphs 41 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

42. Answering Paragraphs 42 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

VERIFIED ANSWER TO VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM

43. Answering Paragraphs 43 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

44. Answering Paragraphs 44 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

45. Answering Paragraphs 45 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

46. Answering Paragraphs 46 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

47. Answering Paragraphs 47 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

48. Answering Paragraphs 48 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

49. Answering Paragraphs 49 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

50. Answering Paragraphs 50 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

51. Answering Paragraphs 51 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

52. Answering Paragraphs 52 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

53. Answering Paragraphs 53 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

54. Answering Paragraphs 54 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

55. Answering Paragraphs 55 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

56. Answering Paragraphs 56 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

57. Answering Paragraphs 57 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

58. Answering Paragraphs 58 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

59. Answering Paragraphs 59 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

60. Answering Paragraphs 60 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

61. Answering Paragraphs 61 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

62. Answering Paragraphs 62 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

63. Answering Paragraphs 63 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

64. Answering Paragraphs 64 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

65. Answering Paragraphs 65 of the Complaint for Forfeiture, Claimant has no information or belief sufficient to enable him to answer the allegations contained therein, and basing his denial on that ground, denies each and every allegation contained therein.

66. Answering Paragraph 66 of the Complaint, this is a statement of law and requires no response.

67. Answering Paragraph 67 of the Complaint, this is a statement of law and requires no response.

68. Answering Paragraph 68 of the Complaint, this is a statement of law and requires no response.

69. Answering Paragraph 69 of the Complaint, Claimant denies.

## **AFFIRMATIVE DEFENSES:**

Plaintiff United States of America is not entitled to judgment based upon one or more of the following affirmative defenses. By alleging the Separate and Additional Affirmative Defenses set forth below, Claimant intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pled in the alternative and do not constitute an admission of

liability or that Plaintiff is entitled to any relief whatsoever. Without admitting the truth of the allegations heretofore denied, Claimant asserts the following affirmative defenses to the Complaint, and reserves his right to amend the Verified Answer with additional defenses:

### First Affirmative Defense:

Claimant is victim as defined in 28 C.F.R. § 9.1 et seq. Claimant is the victim of the scheme described in the Complaint in this case and was served notice of this case. As a victim, Claimant is entitled to recover on a theory of constructive trust. The facts of this case fit into the narrow exception of the *Boylan* case. In *United States v. $4,224,958.57, 392 F.3d 1002*, 1004 (9th Cir. 2004) ("*Boylan*"), the Ninth Circuit narrowly relaxed the standing rule and concluded that fraud victims have Article III standing to contest forfeiture of funds traceable to the fraud perpetrated against them. In reaching this conclusion, the Ninth Circuit reasoned that, under California law, "when a fraudster acquires property from a victim by fraud, the fraudster holds the property in constructive trust for his victim." *Id.* The court concluded that if the claimants "can prove their claims to have been defrauded by [the fraudster], they are the beneficiaries of the constructive trust and have, therefore, equitable interests in it … [and consequently have Article III standing in the proceeding for forfeiture." *Id.* at 1005 (citing *Harris Trust & Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 250-51 (2000)). Like in *Boylan*, Claimant was a victim of the same fraud charged in the Complaint. In *Boylan*, the only parties to the forfeiture case were the victims of the actual fraud, not the criminal defendant or fraudster or innocent owner. Where they were only victim claimants and only one fraud, the 9th Circuit allowed standing under a constructive trust theory. Claimant is entitled to recover his entire pecuniary loss, to the extent not offset by restitution received, prior to forfeiture from the seized asset under a constructive trust theory set forth in *Boylan*. To fairly compensate all victims, the court

should follow the precedent set in *Boylan* and administer the constructive trust to equitably distribute the seized res.

**Second Affirmative Defense:**

Claimant is an innocent owner whose interests are protected from forfeiture by 21 U.S.C. Sec. 881(a)(7) which provides: [N]o property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reasons of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner. To the extent that any of Claimant's money is traced to the seized res, Claimant alleges that he is an innocent owner within the meaning of 18 U.S.C. section 983 as to that money. The Ninth Circuit has recognized that a claimant who successfully traces misappropriated funds into a profitable investment is entitled to recover not only the original amount but also the gain resulting from the investment. *Republic Supply Co. v. Richfield Oil Co.* (9th Cir. 1935) 79 F.2d 375. Accordingly, Claimant is also entitled to any growth in value of his $48,000.00 while held in cryptocurrency accounts.

**Third Affirmative Defense:**

The provisions of the forfeiture statute are unconstitutional as applied to Claimant's interest in the defendant property in this case based upon the Eight Amendment to the United States Constitution and 18 U.S.C. §983(g), which prohibit excessive fines.

**RESERVATION OF RIGHTS:**

Claimant reserves the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

## JURY DEMAND:

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and general federal law, Claimant demands a trial by jury in connection with the subject action.

## REQUEST FOR RELIEF

WHEREFORE, the Claimant requests:

1) That Claimant recover his entire pecuniary loss, $48,000.00, from the Defendant property, to the extent not offset by restitution received, including any funds traced from Claimant and growth of those funds while held in cryptocurrency.

2) That Claimant also be reimbursed for any losses not directly traceable to the Defendant property but resulting from the scheme perpetrated by the owners of the Defendant property.

3) Such further relief the court deems fair and just.

Dated  11/30/2025

_____
Isaac Safier (SBN 277728)
Attorney for Claimant
Law Office of Rebecca Feigelson
345 Franklin Street, Law Chambers Building
San Francisco, CA 94102
Tel: 415-967-0125
Fax: 415-789-4305
Email: IsaacSafier@gmail.com

- 10 -
VERIFIED ANSWER TO VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM

## VERIFICATION

I, STEWART PAUL SLOVIC, TRUSTEE, THE SLOVIC FAMILY TRUST, U/T/A MARCH 12, 2015, hereby verify and declare under penalty of perjury that I have read the foregoing Verified Answer to Verified Complaint for Civil Forfeiture In Rem and know the contents thereof, and that the matters contained in therein are true to the best of my knowledge, information, and belief. I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Date: 11/30/2025

_____
STEWART PAUL SLOVIC, TRUSTEE, THE SLOVIC
FAMILY TRUST, U/T/A MARCH 12, 2015, Claimant

VERIFIED ANSWER TO VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF on this ___12/1/2025_____.

Dated this ___12/1/2025_____

/s/ Isaac Safier
Isaac Safier, Esq.
Attorney for Claimant STEWART PAUL SLOVIC, TRUSTEE, THE SLOVIC FAMILY TRUST, U/T/A MARCH 12, 2015

VERIFIED ANSWER TO VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM